UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30617
_____


NADELLE R. GRANTHAM,

Plaintiff-Appellee,

v.

RANDY MOFFETT, Dr, individually and in his official capacity
of Dean of the College of Education, Southeastern Louisiana
University; REBECCA DAY, Dr, individually and in her official
capacity as Chair of the Committee on Selective Admission
and Retention in Teacher Education (SARTE) at Southeastern
Louisiana University; MARTHA HEAD, Dr, individually and
in her official capacity as Head of the Department of
Teacher Education of Southeastern Louisiana University;
THE BOARD OF TRUSTEES FOR COLLEGES AND UNIVERSITIES,

Defendants-Appellants,

and

SOUTHEASTERN LOUISIANA UNIVERSITY; THE BOARD OF ELEMENTARY AND
SECONDARY EDUCATION; LOUISIANA DEPARTMENT OF EDUCATION,

Defendants.


_____

No. 96-30109
_____


NADELLE R. GRANTHAM,

Plaintiff-Appellee,

v.

RANDY MOFFETT, Dr, individually and in his official capacity

**as Dean of the College of Education, Southeastern Louisiana University; REBECCA DAY, Dr, individually and in her official capacity as Chair of the Committee on Selective Admission and Retention in Teacher Education (SARTE) at Southeastern Louisiana University; MARTHA HEAD, Dr, individually and in her official capacity as Head of the Department of Teacher Education of Southeastern Louisiana University; THE BOARD OF TRUSTEES FOR COLLEGES AND UNIVERSITIES,**

**Defendants-Appellants,**

_____

**Appeal from the United States District Court for the Eastern District of Louisiana (CA-93-4007-N-3)**

_____

October 23, 1996

Before WISDOM, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

The court has carefully considered this appeal in light of the briefs, arguments of counsel and pertinent portions of the record. The scope of our appellate review is narrow because appellants failed to object to the introduction of expert testimony, failed to move for judgment as a matter of law or to object to the jury charge, and failed to move for a new trial. The issues in this case that appellants most strongly contest; whether Ms. Grantham was qualified to seek an elementary education degree and whether she was discriminated against, were issues of fact. McGregor v. Louisiana Board of Supervisors, 3 F.3d 850 (5th Cir.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

2

1993).  The result of appellants' procedural defaults is that we will affirm the jury verdict if there is any evidence to support it.  <u>Steverson v. Goldstein</u>, 24 F.3d 666, 669 (5th Cir. 1994). Based on this narrow standard of review, we conclude that there was some evidence to support the jury's finding that Southeastern Louisiana University discriminated against Ms. Grantham based on her disability, and further, that there was some evidence to support the amount of damages awarded by the jury.  Appellants' complaint that the trial court did not properly impanel the jury is frivolous.

With regard to the award of attorneys' fees, although it seems high, we are hard put to conclude that it represented an abuse of discretion.  The magistrate judge applied the proper legal standards, requested additional supporting documentation for pretrial work by the attorneys where he thought appropriate, and disallowed fees for duplicative work.  Whether this panel would have awarded the same amount of fees is irrelevant.  The magistrate judge committed no legal error in his analysis nor did he arrive at an overall amount outside the wide ambit of his discretion.

The judgment of the district court is therefore **AFFIRMED**.

**AFFIRMED**.

3